IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY ADALBERTO FRANCO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action  MJM-22-1584 |
| DET. MARIA S. FERGUSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Henry Adalberto Franco ("Plaintiff") commenced this civil action against Detective Maria S. Ferguson of the Prince George's County Police Department ("Defendant") in her official and individual capacities, alleging gross negligence and a violation of 42 U.S.C. § 1983 in connection with an arrest of Plaintiff based on criminal charges. ECF 1 (the "Federal Complaint").[1] Currently pending is Defendant's motion to dismiss the Federal Complaint and, alternatively, for summary judgment. ECF 13 (the "Motion"). Plaintiff has not filed a substantive response or otherwise opposed the Motion.[2] The Court has reviewed Defendant's memorandum in support of the Motion and state court documents attached thereto as exhibits. A hearing on the Motion is not necessary. Loc. R. 105.6. For the reasons explained below, the Motion will be GRANTED.

**I.    Background**

Plaintiff filed the Federal Complaint on June 27, 2022. In the Federal Complaint, Plaintiff alleges that Defendant made a false statement in an application for a statement of criminal charges

---

[1]    The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 16.

[2]    On December 14, 2022, the Court directed Plaintiff to file a response to the Motion no later than December 28, 2022, but to notify the Court no later than December 21, 2022, if Plaintiff declined to file an opposition. ECF 17. On December 28, 2022, Plaintiff filed a single-line memorandum "submitting to ruling on the pleadings." ECF 18.

that resulted in the issuance of an arrest warrant and the subsequent arrest of Plaintiff at his workplace on June 27, 2019. Compl. ¶¶ 7–23. Plaintiff further alleges that he was denied pretrial release in his criminal case and ultimately spent fourteen months in the custody of Prince George's County. *Id.* ¶¶ 24–36. As a result of Defendant's conduct, Plaintiff alleges, he lost his employment and a separate job offer, his reputation was damaged, and he suffered emotional distress and various losses. *Id.* ¶¶ 37–41. The Federal Complaint claims relief for gross negligence in Count I and unreasonable search, seizure, detention, and arrest in violation of 42 U.S.C. § 1983 in Count II. *Id.* ¶¶ 42–56.

The "Statement of Facts Common to All Counts" set forth in the Federal Complaint is nearly identical to that contained within a civil complaint Plaintiff filed on August 30, 2021, in the Circuit Court for Prince George's County, Maryland, Case No. CAL21-10249 (the "State Complaint"). ECF 13-4 at 2–4; Complaint and Demand for Trial by Jury, *Franco v. Fergusson*, No. CAL21-10249 (Cir. Ct. Prince George's Cnty. 2021). The State Complaint asserted claims for negligence, intentional infliction of emotional distress, malicious prosecution, violation of Articles 24 and 26 of the Maryland Constitution, and false arrest in five counts. *Id.* at 5–8. Upon consideration of a motion to dismiss filed by Defendant, the Prince George's County Circuit Court entered an Order dismissing all counts of the State Complaint with prejudice on January 10, 2022. ECF 13-6; *Franco*, No. CAL21-10249 (Cir. Ct. Prince George's Cnty. Jan. 10, 2022).

Defendant now asserts the defense of *res judicata* in a motion to dismiss the Federal Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.     **Legal Standard**

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim

2

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding [if] the res judicata defense raises no disputed issue of fact." *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)).

### III. Analysis

The instant litigation is barred by *res judicata*. The doctrine of *res judicata* provides that a final judgment on the merits of a claim precludes further claims by the same parties or their privies based on the same cause of action. *Andrews*, 201 F.3d at 524 (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). Also known as claim preclusion, *res judicata* "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).

"Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Id.* at 162. Here, Defendant avers that a disposition rendered in a Maryland state court precludes the claims stated in the Federal Complaint. "In Maryland, the doctrine of res judicata precludes the relitigation of a suit if (1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action." *Bank of New York Mellon v. Georg*, 456 Md. 616, 625, 175 A.3d 720, 725 (2017) (quoting *Powell v. Breslin*, 430 Md. 52, 63–64, 59 A.3d 531, 537–38 (2013)).

The claims asserted in the Federal Complaint are precluded by the dismissal of the State Complaint in Prince George's County Circuit Court. First, the parties to the instant litigation are

identical to the parties to the prior litigation in state court. *See* ECF 13-4; *Franco*, No. CAL21-10249 (Cir. Ct. Prince George's Cnty. 2021).

Second, the claims asserted in the Federal Complaint are identical to those in the State Complaint. *See id.* In Maryland, claims are identical for purposes of *res judicata* when "based upon the same set of facts and one would expect them to be tried together ordinarily[,]" even if a "subsequent suit takes a different form or is based on a different cause of action" than the prior suit that has been adjudicated. *Heit v. Stansbury*, 215 Md. App. 550, 566, 81 A.3d 639, 648 (2013) (quoting *Blades v. Woods*, 338 Md. 475, 478–79, 659 A.2d 872, 873 (1995)); *see also Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 109, 887 A.2d 1029, 1038 (2005) ("Under the transactional approach, if the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously."). Here, the claims for relief made in the Federal Complaint are based on precisely the same facts as those made in the State Complaint, such that one would expect the claims asserted in the two cases to be brought and tried in the same case.

Third, there was a final judgment on the merits of the State Complaint. *See* ECF 13-6; *Franco*, No. CAL21-10249 (Cir. Ct. Prince George's Cnty. Jan. 10, 2022). The Prince George's County Circuit Court dismissed the State Complaint with prejudice upon consideration of Defendant's motion to dismiss in the prior action. *See Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 685 (D. Md. 2009) (finding that Maryland state court's dismissal of a civil action for reasons stated in a motion to dismiss, even without a written opinion, "constitutes an adjudication 'on the merits' for claim preclusion purposes").

**IV.** **Conclusion**

For the reasons stated above, Defendant's motion to dismiss (ECF 13) will be GRANTED, and the Federal Complaint will be DISMISSED WITH PREJUDICE. A separate order will follow.

February 9, 2023                                   /S/
Date                                               Matthew J. Maddox
                                                   United States Magistrate Judge